IN THE UNTIED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

BRETT BEAUDRY                                                                                           PLAINTIFF

v.                                    Civil No. 06-5028

SHERIFF KETIH FERGUSON;
CAPT. HUNTER PETRAY; LT.
CARTER; SGT. C. NANCE; SGT.
SHARP; DEPUTY TOMLIN; CPL.
 PLVIT; DEPUTY BURSON;
DEPUTY GREENLEE; DEPUTY
LARKIN; DEPUTY BROWN; DEPUTY
HERNANDEZ; DEPUTY FREE; CPL.
DRAGAVICH; DEPUTY PAUL;
DEPUTY ELBEN; SGT. FAULKENBURY;
JOHN DOE; AND JANE DOE                                                                            DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Before the Court is Plaintiff's Motion for Preliminary Injunction (Doc. 57) and Defendants' response (Doc. 58). Plaintiff has moved for a Preliminary Injunction to relieve all defendants of any job duties that consist of anyone carrying a weapon and revoke their licenses to carry a nightstick, pepper spray, or registered handgun or weapon used by law enforcement or correctional facility until further outcome of the case. Defendants have responded in opposition to Plaintiff's Motion, arguing he has failed to allege sufficient fact necessary to require the issuance of a temporary restraining order, preliminary injunction, or hearing.

In deciding a motion for a preliminary injunction, a district court balances four factors, the often quoted "*Dataphase* Factors": (1) the likelihood of the movant's success on the merits; (2) the threat of irreparable harm to the movant in the absence of relief; (3) the balance between that harm and the harm that the relief would cause to the other litigants; and (4) the public interest. *Dataphase*

*Sys., Inc. v. CL Sys., Inc.,* 640 F.2d 109, 114 (8th Cir.1981). A preliminary injunction is an extraordinary remedy, *see Calvin Klein Cosmetics Corp. v. Lenox Labs., Inc.,* 815 F.2d 500, 503 (8th Cir.1987), and the burden of establishing the propriety of an injunction is on the movant. *Goff v. Harper,* 60 F.3d 518, 520 (8th Cir.1995). The party seeking injunctive relief bears the burden of proving all the *Dataphase* factors. *Gelco Corp. v. Coniston Partners,* 811 F.2d 414, 418 (8th Cir.1987).

Failure to show irreparable harm is an independently sufficient ground upon which to deny a preliminary injunction. *See Adam-Mellang v. Apartment Search, Inc.,* 96 F.3d 297, 299 (8th Cir.1996); *Gelco,* 811 F.2d at 420. "The basis of injunctive relief in the federal courts has always been irreparable harm and inadequacy of legal remedies." *Bandag, Inc. v. Jack's Tire & Oil, Inc.,* 190 F.3d 924, 926 (8th Cir.1999) (quoting *Beacon Theatres, Inc. v. Westover,* 359 U.S. 500, 506-07, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959)). When there is an adequate remedy at law, a preliminary injunction is not appropriate. *Modern Computer Sys., Inc. v. Modern Banking Sys., Inc.,* 871 F.2d 734, 738 (8th Cir.1989).

In this case, Plaintiff has not stated or demonstrated any irreparable harm that would occur from the preliminary injunction failing to issue. There is no documentation of any type nor allegation of harm that will occur to the Plaintiff. Moreover, it appears the pursuit of the above-styled case is an adequate remedy at law to satisfy Plaintiff's claims.

Accordingly, it is recommended that Plaintiff's Motion for Preliminary Injunction (Doc. 57) be DENIED.

**Plaintiff has ten (10) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections**

**may result in waiver of the right to appeal questions of fact.  Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

   **DATED this 20th day of September 2007.**

                              */s/ J. Marschewski*
                              HON. JAMES R. MARSCHEWSKI
                              UNITED STATES MAGISTRATE JUDGE